IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:14-CR-160-B(3) |
| | § | |
| FRANK HERNANDEZ, III, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated April 28, 2021, before the Court is *Frank Hernandez III's Motion and Request for a Sentence Reduction*, received on April 23, 2021 (doc. 239). Based on the relevant filings and applicable law, the motion should be **DISMISSED** for lack of jurisdiction.

## I.    BACKGROUND

After first being charged by indictment and superseding indictment, Frank Hernandez, III (Defendant), was charged by superseding information on October 2, 2014 with one count of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). (*See* docs. 1, 66, 76.) He pleaded guilty to the single count of the superseding information on January 8, 2015, pursuant to a plea agreement. (*See* docs. 78-79, 119.)

The United States Probation Office (USPO) prepared a presentence investigation report in which it calculated Defendant's total offense level as 35 and his criminal history category as II. (*See* doc. 169-1 at ¶¶ 57, 65, 98.) Based on this offense level and criminal history category, the guideline imprisonment range was 188-235 months. (*See id.* at ¶ 98.) The government moved for a four-level downward departure under U.S.S.G. § 5K1.1 for Defendant's substantial assistance. (*See* doc. 207.) The Court departed downward from the advisory guideline range based on the

government's § 5K1.1 motion and, by judgment dated July 6, 2015, sentenced Defendant to 160 months' imprisonment, to be followed by a four-year term of supervised release. (*See* doc. 210; doc. 211 at 2.)

Defendant now seeks a two-level sentence reduction under § 5K1.1, alleging that he only received a two-level reduction at sentencing despite the request for a four-level reduction, he has been a model inmate and has prepared for his release, and his family is suffering hardship without him. (*See* doc. 239.)

## II.    JURISDICTION

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). An imposed sentence of imprisonment cannot be modified "except in those specific circumstances enumerated by Congress in § 3582(b) and (c)." *United States v. Jackson*, 851 F. App'x 495, 496 (5th Cir. 2021) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)). Section 3582(b) states that a judgment of conviction that includes a sentence to imprisonment is a final judgment for all other purposes,

> [n]otwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> (1)   modified pursuant to the provisions of subsection (c);
>
> (2)   corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure[1] and section 3742; or
>
> (3)   appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742.

18 U.S.C. § 3582(b). Under subsection (c), incorporated by reference in § 3582(b)(1), a district court may modify a sentence of imprisonment if, after the exhaustion of administrative remedies

---

[1] In relevant part, Rule 35 of the Federal Rules of Criminal Procedure allows for the correction of a sentence within 14 days after sentencing for arithmetical, technical, or other clear error. *See* Fed. R. Crim. P. 35(a). Additionally, Rule 35(b) allows for the post-judgment reduction of a sentence for substantial assistance upon a motion by the government, provided that the substantial assistance satisfies certain elements. *See* Fed. R. Civ. P. 35(b).

and consideration of the factors set forth in 18 U.S.C. § 3553(a), there are "extraordinary and compelling reasons" warranting a reduction, or the defendant meets certain age, incarceration time, and Bureau of Prisons ("BOP") determination requirements. 18 U.S.C. § 3582(c)(1)(A). A defendant's sentence may also be reduced under subsection (c) if the sentence was based on a sentencing range that was subsequently lowered by an amendment to the sentencing guidelines. *See* 18 U.S.C. § 3582(c)(1)(B).

Here, Defendant seeks a two-level sentence reduction under § 5K1.1 for providing substantial assistance prior to sentencing, good conduct while incarcerated, and his family's hardship. (*See* doc. 239 at 1-7.) He fails to identify any statutory authority for the post-judgment sentence reduction under § 5K1.1, or to contend that his motion falls within the provisions of § 3582(b) or (c) allowing for a reduction of his imposed sentence, however. Because he has failed to show any basis for modifying or reducing his sentence under the applicable statutory provisions, his motion lacks a jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). It should therefore be dismissed for lack of jurisdiction.

### III.   RECOMMENDATION

The *Frank Hernandez III's Motion and Request for a Sentence Reduction*, received on April 23, 2021 (doc. 239), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 23rd day of December, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE