IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:14-CR-160-B(3) |
| | § | |
| FRANK HERNANDEZ, III, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated November 23, 2021, before the Court is *Frank Hernandez III's Motion Requesting to be Granted the "Safety Valve" Under the New Guidelines in the "First Step Act" (FSA)*, received on November 19, 2021 (doc. 242). Based on the relevant filings and applicable law, the request for a sentence reduction under U.S.S.G. § 5K1.1 should be **DISMISSED** for lack of jurisdiction, and the request under the First Step Act of 2018 should be **DENIED**.

**I.   BACKGROUND**

After being charged by indictment and superseding indictment, Frank Hernandez, III (Defendant), was charged by superseding information on October 2, 2014, with one count of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). (*See* docs. 1, 66, 76.) He pleaded guilty to the superseding information on January 8, 2015, pursuant to a plea agreement. (*See* docs. 78-79, 119.)

The United States Probation Office (USPO) prepared a presentence investigation report in which it calculated Defendant's total offense level as 35 and his criminal history category as II, with a resulting guideline imprisonment range of 188-235 months. (*See* doc. 169-1 at ¶¶ 57, 65, 98.) The government moved for a four-level downward departure under U.S.S.G. § 5K1.1 for

substantial assistance. (*See* doc. 207.) The Court departed downward from the advisory guideline range based on the government's § 5K1.1 motion and sentenced Defendant to 160 months' imprisonment, to be followed by a four-year term of supervised release, by judgment dated July 6, 2015. (*See* doc. 210; doc. 211 at 2.)

On April 23, 2021, Defendant filed a motion seeking a two-level sentence reduction under § 5K1.1, alleging that he had only received a two-level reduction at sentencing despite the request for a four-level reduction, he has been a model inmate and has prepared for his release, and his family is suffering hardship without him. (*See* doc. 239.) On December 23, 2021, it was recommended that the motion be dismissed for lack of jurisdiction. (*See* doc. 244.)

Petitioner now seeks a sentence reduction under the safety-valve provision of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194-249 (2018) (First Step Act), arguing that "the criteria for the 'Safety Valve' has been expanded, which allows me to qaulify [sic] for the 'Safety Valve' with having (2) criminal history points." (doc. 242 at 2.) He also again seeks a two-level sentence reduction under § 5K1.1. (*See id.*) He alleges he should be "granted the 'Safety Valve' and or the remaining 2 points from my 5K1.1" because he has been a model inmate and prepared for his release, and his family is suffering hardship without him. (*Id.* at 2-3.)

## II. § 5K1.1

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). An imposed sentence of imprisonment cannot be modified "except in those specific circumstances enumerated by Congress in § 3582(b) and (c)." *United States v. Jackson*, 851 F. App'x 495, 496 (5th Cir. 2021) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)). Section 3582(b) states that a judgment of conviction which includes a sentence to imprisonment is a final judgment for all other purposes,

>    [n]otwithstanding the fact that a sentence to imprisonment can subsequently be—
>
>    (1)    modified pursuant to the provisions of subsection (c);
>
>    (2)    corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure[1] and section 3742; or
>
>    (3)    appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742.

18 U.S.C. § 3582(b).  Under subsection (c), incorporated by reference in § 3582(b)(1), a district court may modify a sentence of imprisonment if, after the exhaustion of administrative remedies and consideration of the factors set forth in 18 U.S.C. § 3553(a), there are "extraordinary and compelling reasons" warranting a reduction, or the defendant meets certain age, incarceration time, and Bureau of Prisons ("BOP") determination requirements.  18 U.S.C. § 3582(c)(1)(A).  A defendant's sentence may also be reduced under subsection (c) if the sentence was based on a sentencing range that was subsequently lowered by an amendment to the sentencing guidelines.  *See* 18 U.S.C. § 3582(c)(1)(B).

Here, as in his April 23, 2021 motion, Defendant seeks a two-level sentence reduction under § 5K1.1 for providing substantial assistance prior to sentencing, good conduct while incarcerated, and his family's hardship.  (*See* doc. 242 at 2-3; *see also* doc. 239.)  As discussed in the December 23, 2021 order recommending dismissal of his April 23 motion, Petitioner fails to identify any statutory authority for a post-judgment sentence reduction under § 5K1.1.  Nor does he contend that his motion falls within the provisions of § 3582(b) or (c) that allow for a reduction of his imposed sentence.  Because he has failed to show any basis for modifying or reducing his sentence under the applicable statutory provisions, his claim lacks a jurisdictional basis.  *See*

---

[1] In relevant part, Rule 35 of the Federal Rules of Criminal Procedure allows for the correction of a sentence within 14 days after sentencing for arithmetical, technical, or other clear error.  *See* Fed. R. Crim. P. 35(a).  Additionally, Rule 35(b) allows for the post-judgment reduction of a sentence for substantial assistance upon a motion by the government, provided that the substantial assistance satisfies certain elements.  *See* Fed. R. Civ. P. 35(b).

3

*United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). His request for a sentence reduction under § 5K1.1 should therefore be dismissed for lack of jurisdiction.

### III.   FIRST STEP ACT

Petitioner also seeks a sentence reduction under the safety-valve provision expanded by the First Step Act. (*See* doc. 242 at 1-2.) The "safety-valve provision of 18 U.S.C. § 3553(f)... permits courts to disregard statutory mandatory minimum sentences under certain circumstances." *United States v. Garza*, 811 F. App'x 267, 267 (5th Cir. 2020) (per curiam). At the time of Defendant's conviction and sentencing, one of these circumstances required a finding that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f) (2015) (amended 2018).

Section 402 of the First Step Act amended the safety-valve provision of § 3553(f) by expanding the categories of defendants eligible to receive a sentence without regard to any applicable statutory mandatory minimum sentences. As amended, the safety-valve provision of § 3553(f) may be available to a defendant upon a finding that:

(1) the defendant does not have—

    (A)    more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

    (B)    a prior 3-point offense, as determined under the sentencing guidelines; and

    (C)    a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f) (as amended); *see also* First Step Act, § 402(a)(1)(B), 132 Stat. at 5221. The amendments to § 3553(f) "apply only to a conviction entered on or after the date of enactment of [the First Step Act]," however. First Step Act, § 402(b), 132 Stat. at 5221. The First Step Act was

enacted on December 21, 2018. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019). Because Defendant was convicted and sentenced in 2015, the First Step Act's amendments to the safety-valve provision of § 3553(f) do not apply to his case. *See Garza*, 811 F. App'x at 267-68. His motion under the First Step Act should be denied.

## IV.   RECOMMENDATION

The *Frank Hernandez III's Motion Requesting to be Granted the "Safety Valve" Under the New Guidelines in the "First Step Act" (FSA)*, received on November 19, 2021 (doc. 242), should be **DISMISSED** for lack of jurisdiction as to the request for a sentence reduction under U.S.S.G. § 5K1.1, and **DENIED** as to the request under the First Step Act of 2018.

**SIGNED this 3rd day of January, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE